UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HILMER SCHOENBAUM, on behalf of himself and all others similarly situated, | ) ) ) | No. 4:05CV1108 ERW |
| | ) | Consolidated with: |
| Plaintiff, | ) ) | |
| | ) | No. 4:05CV1174 ERW |
| | ) | No. 4:05CV1175 ERW |
| | ) | No. 4:05CV1190 ERW |
| v. | ) | No. 4:05CV1218 ERW |
| | ) | No. 4:05CV1223 ERW |
| | ) | No. 4:05CV1229 ERW |
| | ) | No. 4:05CV1230 ERW |
| E.I. DUPONT DE NEMOURS AND | ) | No. 4:05CV1311 ERW |
| COMPANY, PIONEER HI-BRED | ) | No. 4:05CV1445 ERW |
| INTERNATIONAL, INC., and | ) | No. 4:05CV1478 ERW |
| MONSANTO COMPANY, | ) | No. 4:05CV2314 ERW |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Their Master Consolidated Amended Class Action Complaint [doc. #124]. Defendants filed a responsive pleading in opposition, and Plaintiffs filed a reply thereto. On May 24, 2006, the Court held a hearing on the pending motion.

The instant cases involve Plaintiffs who originally filed suit in March 2004, against Defendants E.I. Dupont de Nemours and Company, Pioneer Hi-Bred International, Inc., and Monsanto Company in thirteen states, alleging similar factual allegations regarding the purchase of genetically-modified crop seeds manufactured and sold or sold by Defendants during the time period relevant to this action. After having all of the cases transferred to the Eastern District of Missouri, the parties filed a joint motion requesting consolidation of the thirteen cases. The cases were consolidated on

December 20, 2005, after determining the thirteen cases involved common parties and common issues of fact and that consolidation of the proceedings would serve the interests of convenience and economy in administration and would avoid unnecessary cost or delay. On January 25, 2006, Defendants filed a Joint Omnibus Motion to Dismiss Plaintiffs' Complaints, seeking dismissal of the consolidated cases asserting the cases fail to state claims upon which relief can be granted. The parties submitted for the Court's approval a proposed scheduling order for responsive pleading to the pending motion to dismiss, and the Court granted the same on February 13, 2006. On March 10, 2006, the parties filed a joint motion for ruling on a proposed schedule concerning Plaintiffs' proposed amendments of their Complaints. The Court directed Plaintiffs to file their proposed Consolidated Amended Class Action Complaint no later than April 10, 2006, Defendants to file their Opposition thereto no later than April 24, 2006, and Plaintiffs to file their reply no later than May 8, 2006. On April 10, 2006, Plaintiffs filed their Motion for Leave to File Their Master Consolidated Amended Class Action Complaint ("Amended Complaint") as well as the 973-page Amended Complaint as an exhibit for the Court's consideration. After the parties submitted responsive pleadings in opposition and in support to the filing of the Amended Complaint, the Court heard oral argument on the motion for leave to file the Amended Complaint.

A review of the Amended Complaint shows that Plaintiffs have increased the length of pleading from 358 pages to 973, 1,300 paragraphs to 4,524, and 50 counts to 358. In the original thirteen complaints, Plaintiffs alleged 13 statewide classes in comparison to 26 statewide classes and two nationwide classes set forth in the Amended Complaint. In addition to the claims under state law set forth in the original complaints, Plaintiffs now seek to assert 260 federal claims under the Sherman Act and four claims under RICO. Based on the litigation history of the case, the Court finds that

Plaintiffs timely lodged the Amended Complaint but, nonetheless, the Amended Complaint fails to comply with the strictures of Rule 8(a).

The Court finds that Plaintiffs have failed to draft the Amended Complaint in accordance with Rule 8(a) and (e) of the Federal Rules of Civil Procedure, which require a "short and plain statement of the claim(s)" and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a) and (e). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." Ciralsky v. Central Intelligence Agency, 355 F.3d 661, 669 (D.C.Cir. 2004). "Extreme length alone, of course, will not always constitute a violation of Rule 8." Reinholdson v. Minnesota, 2002 WL 32658480 *2 (D. Minn. 2002) ("Judges are not like pigs, hunting for truffles buried in briefs [or Complaints].") (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).

The Amended Complaint alleges numerous claims for relief, including causes of action based on state law antitrust claims and federal claims pursuant to the Sherman Act and RICO. The Amended Complaint also contains class action allegations. Violations of the short and plain statement rule have included complaints that were too long. See United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 379 (7th Cir. 2003) (finding 400 paragraphs covering 155 pages asserting numerous variations of fraud instead of a concise statement illustrated by 400 concrete examples of fraud in violation of Rule 8); In re Westinghouse Secs. Litigation, 90 F.3d 696, 703 (3d Cir. 1996) (finding a complaint more than 600 paragraphs and 240 pages was too long); Kuehl v. FDIC, 8 F.3d 905, 908-09 (1st Cir. 1993) (358 paragraphs in only 43 pages); Michaelis v. Nebraska State Bar Assoc., 717 F.2d 437, 439 (8th Cir. 1983) (144 paragraphs in 98 pages); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (dismissing 98-page complaint containing 144

paragraphs). Indeed, the Supreme Court has noted the practical importance of "sharpening and limiting the issues" in the pleading stages, to facilitate resolution at the final stage. O'Donnell v. Elgin, Joliet & Eastern Ry. Co., 338 U.S. 384, 392 (1949).

The 973-page Amended Complaint is by virtue of its length alone problematic. Courts are empowered to dismiss excessively wordy complaints because such complaints "make[] it difficult for the defendant to file a responsive pleading and make[] it difficult for the trial court to conduct orderly litigation." Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994)(199-page, 385 paragraph complaint "violated the letter and spirit of Rule 8(a)). Further, courts faced with hopelessly verbose complaints must consider "the right of ... defendants to be free from ... costly and harassing litigation." Id. at 776. An unnecessarily long complaint makes it difficult for the Court to conduct an orderly litigation and the Defendants to file a responsive pleading. Id. at 775-76.

The Court finds prejudice on the part of Defendants inasmuch as the Amended Complaint's unnecessary prolixity of the pleading places an undue burden on the responding parties. Roberto's Fruit Mkt., Inc. v. Schaffer, 13 F. Supp.2d 390, 395 (E.D. N.Y. 1998) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)) ("[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."). The Court finds that filing a responsive pleading to the instant Amended Complaint would not only be difficult but costly in terms of time and money especially in light of the complex legal theories advanced in the case. Accordingly, finding the Amended Complaint violates Rule 8(a) and (e) to the extent that a great deal of judicial energy and resources would have to be devoted to restructuring the pleading and streamlining the unnecessary

matter, the Court will strike the Amended Complaint and grant Plaintiffs leave to replead. As a matter of prudent case management, the Court directs Plaintiffs to file a streamlined and reorganized Amended Complaint removing unnecessary and redundant allegations as required by Rule 8 thereby clarifying and expediting all further proceedings in the case to the advantage of the litigants, counsel, and the Court.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by "leave of the court" and that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). A policy of favoring decisions on the merits, rather than on the technicalities, underlies this Rule. Id. at 181-82. While a trial court has the discretion to grant or deny leave to amend, leave to amend should be freely granted, as the Rule requires, unless there is sufficient reason to deny leave. Id. at 182. In the interests of justice and judicial economy, the Court will permit Plaintiffs leave to file an Amended Complaint in the instant case.

**IT IS HEREBY ORDERED** that Plaintiffs shall file an Amended Complaint in conformity with the requirements of Rule 8 no later than June 26, 2006.

So Ordered this 6th Day of June, 2006.

	*[signature]*
	_____
	E. RICHARD WEBBER
	UNITED STATES DISTRICT JUDGE